[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence September 19, 1991 Date of Application September 19, 1991 Date Application Filed September 19, 1991 Date of Decision November 22, 1994
Application for review of sentence imposed by the Superior Court for the Judicial District of Hartford.
Docket No. CR 90-68700.
John S. Papa, Jr. Esq., Defense Counsel, for Petitioner.
Michael Glowa, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
Freddy C. Rivera was found guilty after a jury trial of sexual assault in the 1st degree, in violation of G.S. § 53a-70(a)(1). After the verdict was delivered and accepted by the court, the petitioner was released on a promise to appear while a presentence investigation was undertaken. At the day set for sentencing the petitioner failed to appear. He was subsequently apprehended and entered a guilty plea to failure to appear in the 1st degree in violation of G.S. § 53a-172(a). He was sentenced to 15 years, execution suspended after 12 on the first count and 3 years suspended after 18 months on the second count, consecutive to the first count, for a total effective sentence of 18 years suspended CT Page 12793 after 13 1/2 and five years probation with conditions.
On December 24, 1989, a formal complaint was filed by a woman who claimed to have been the victim of a sexual assault at knifepoint. The victim said the assault occurred earlier that day at the commuter parking lot on Route 322 in Southington. According to the victim, she had met the petitioner at a bar in Meriden on December 23, 1989 around 9 p. m. After leaving the bar, the victim and the petitioner went to a mutual friend's house where they ingested alcohol and drugs most of the night and left around 6 a.m. on December 24th. Both were in the petitioner's automobile in search of more drugs when the petitioner pulled a knife on the victim threatening her with bodily harm if she did not remove her clothing. The victim complied out of fear and was forced to submit to vaginal intercourse and to perform fellatio on Mr. Rivera. The petitioner then transported the victim to her place of employment where she solicited the aid of a television repairman. She was examined at the emergency room of the Meriden-Wallingford Hospital at 10:55 a.m. and the police were notified at 12:06 p. m. on December 24th. The petitioner permitted the police to search his vehicle and he was subsequently arrested on a warrant March 2, 1990.
Several reasons are advanced by the petitioner in connection with his request for reduction in sentence. First, counsel points out that the sentencing judge failed to articulate reasons for the "severity" of the sentence. However, the court did find that the offense was "one of the most serious we have." In addition, we are asked to note that the petitioner never really left the jurisdiction and was in telephone contact with his counsel, neither of which serve to diminish the import of his failure to appear for sentencing until apprehended. And telephone contact with one's attorney does not alleviate the need to be physically present on the continuance date. The petitioner, it is asserted, cooperated with the authorities and has assisted police investigations in the past which were undertaken at some risk to him, and his counsel claims petitioner's concern for his own safety was a major factor in his failure to appear. We are urged to examine his work record, lack of prior violent crimes and his family connections. Finally, we are asked to take into account that the victim suggested the five year minimum mandatory sentence would be appropriate in Mr. Rivera's case.
The assistant state's attorney acknowledged the case was a "hard [one] from start to finish," and agreed that the petitioner had been cooperative with the police. On the other hand, he argues that the sentence was appropriate in light of the seriousness of the sexual CT Page 12794 assault and the fact that it took a month to find Mr. Rivera when he failed to appear for sentencing. It was an act which simply had to be treated with incarceration and the sentencing judge had the victim's letter and knew her sentiments when sentence was imposed.
Mr. Rivera spoke on his own behalf and denied the lack of consent to the sexual act. He stated he did not rape the victim, but that, in a sense, he had raped himself and his family. He fears for the welfare of his family and says the sentence imposed was a "death sentence."
The division is struck by two factors which attend the petitioner's case. First, there is the unrefutable seriousness of the sexual assault. It was a very violent act committed with a weapon under circumstances which left the jury no doubt as to the threat of force imposed on the victim. Second, the petitioner's failure to appear after conviction may have been triggered by myriad factors, but in the final analysis, it represents the absence of respect for authority and an apparent willingness to flaunt the trust placed in him by the court. It is a felony punishable by a term of imprisonment of up to five years.
The denunciatory and isolative factors addressed in P.B. § 942 must be considered by the sentencing court along with the petitioner's character and the nature of the offenses. He faced a maximum sentence of 25 years for these charges and we conclude sentence of 18 years suspended after 13 1/2 was not excessive or disproportionate in the petitioner's case.
Sentence affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, J., Klaczak, J., and Norko, J. participated in this decision.